# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TCYK, LLC,**

    **Plaintiff,**

  v.                                                                                         Case No. 13-CV-554

**DOES 1-38,**

    **Defendant.**

## DECISION AND ORDER

Plaintiff TCYK, LLC, a developer and producer of motion pictures, is the owner of the copyright of the motion picture "The Company You Keep." Plaintiff brought this suit for copyright infringement against John Does 1-38 for allegedly illegally downloading and distributing its copyrighted movie over the Internet. (Docket # 1.) At the time that Plaintiff filed the suit it did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement. (Exh. B to the Compl., Docket # 1-1.) To identify the Doe Defendants, Plaintiff sought, and the Court granted, an order to serve a subpoena under Federal Rule of Civil Procedure 45 on Internet Providers who keep the names and addresses of their customers. (Docket #17.) Pursuant to that order, Plaintiff subpoened the Internet Service Providers who provide service to the identified IP addresses, and the Providers gave notice to their customers of the subpoena. Two individuals, John Doe 23 and an unidentified filer, have moved to quash or object to the subpoena. I will address each in turn.

**Objection of John Doe 23 (Docket # 19)**

Subsequent to John Doe 23's filing of an objection, the Plaintiff moved to dismiss several of the John Doe defendants, including John Doe 23. (Docket # 21.) Because the issues presented by John Doe 23's objection may reoccur with the remaining John Does and are likely to recur in similar litigation, I will address the objection. John Doe 23 objects to the disclosure of his account holder name, address, email address, telephone number, and IP log. He also denies liability explaining that his email was hacked. Doe 23's objection to the subpoena is denied for two reasons.

First, to the extent the objection is construed as a motion to quash the subpoena, it fails to comply with Fed. R. Civ. P. 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signator must also include his address, email address, and telephone number. The rule directs the court to strike an unsigned paper unless the omission is promptly cured. Doe 23 has failed to provide the signature and other identifying information required by Rule 11(a). Accordingly, his objection is stricken.

Next, even if the objection was addressed on the merits, it would still fail. Doe 23's objection appears to be grounded in privacy concerns and a denial of liability. As to the expectation of privacy, "courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Provider." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4*, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) (citing cases). In regard to Doe 23's denial of liability, the merits of this case are not relevant at this stage of the proceedings. *Id.* at 215 ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."). Only challenges to the validity and enforceability of the subpoena may be raised at this juncture.

**Unidentified Filer's Motion To Quash Or Modify Subpoena (Docket # 20)**

An unidentified filer also filed a motion to quash or modify the subpoena. (Docket # 20.) This motion suffers the same defect as John Doe 23's objection discussed above. It does not comport with the signature and other identifying information requirements of Rule 11(a). Although plaintiff raised this deficiency in its response to this motion, the unidentified filer has made no attempt to cure this failing. Accordingly, the motion is stricken under Rule 11(a).

Like other courts, I recognize that, given the context of the motion (in part to maintain the anonymity and privacy of the defendant) that the mandates of Rule 11(a) pose a quandary for the defendant. *Hard Drive Productions v. Does 1-48*, No. 11 CV 9062, 2012 WL 2196038, * 3 (N.D. Ill. June 24, 2012). The defendant may not wish to hire an attorney, "but he or she cannot otherwise comply with Rule 11 without revealing his or her identity." *Id*. Nonetheless, this motion must be stricken. If I were to allow a *pro se* defendant to proceed anonymously, there would be no way to ensure that the filer has the interest that he or she purports to have in this litigation. *Id*. The stricture against anonymous pleadings in Rule 11 help ensures that non-parties do not impact the course of litigation and creates a layer of accountability necessary to protect all the parties and the resources of the court. *Id*. "Without a signature from either the defendant or an attorney representing him or her, that protection disappears." *Id.*

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that John Doe 23's Objection (Docket # 19) and Unidentified Filer's Motion to Quash and Modify Subpoena (Docket # 20) be stricken pursuant to Fed. R. Civ. P. 11(a).

Dated at Milwaukee, Wisconsin this 16th day of August, 2013.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge